IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUFYAN ALFAROUQI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-3836-L |
| | § | |
| TRI-SPEED INVESTMENT, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Tri-Speed Investments, Inc. ("Tri-Speed") and Abdal Karem Yousef Al-Zoubi ("Al-Zoubi") have filed a Motion to Set Aside Entry of Default ("Motion to Set Aside"). *See* Dkt. No. 19. Defendants have also filed a Motion for Leave to File Supplemental Evidence (the "Motion for Leave") in connection with their Motion to Set Aside. *See* Dkt. No. 25. The Motion to Set Aside has been referred to the undersigned magistrate judge for findings and recommendation pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. *See* Dkt. No. 21. This order of reference also prospectively referred all procedural motions related to the referred motion for determination. *See id.*

For the reasons stated below, the undersigned recommends that Defendants' Motion to Set Aside be granted. Because consideration of the new evidence presented in Defendants' Motion for Leave was not necessary for these findings, conclusions, and

recommendation, the undersigned recommends that Defendants' Motion for Leave be denied as moot.

**Background**

Plaintiff Sufyan Alfarouqi filed a complaint against Defendants on September 20, 2012 for violations of the Fair Labor Standards Act ("FLSA"). *See* Dkt. No. 1. Plaintiff stated that the complaint was filed "on behalf of himself and others similarly situated." *See id.* at 1. However, to date no additional employees have filed written notice with the Court of their consent to participate in this action.

Plaintiff served Al-Zoubi by personal service to his wife at Al-Zoubi's residence on November 8, 2012. *See* Dkt. No. 11. Plaintiff served Tri-Speed by service on the Texas Secretary of State. *See* Dkt. No. 12. The Secretary of State has stated that it served Tri-Speed by certified mail, return receipt requested, and received the return receipt "bearing signature" on January 11, 2013. *See id.*

Neither Defendant answered the complaint or otherwise appeared in the lawsuit within the time required by Federal Rule of Civil Procedure 12. On April 8, 2013, the Court ordered Plaintiff to move for entry of default and default judgment no later than April 23, 2013. *See* Dkt. No. 9. Plaintiff timely moved for entry of default against Defendants, *see* Dkt. Nos. 14 & 15, and the Clerk entered default against Al-Zoubi on April 23, 2013, *see* Dkt. No. 16, and against Tri-Speed on April 25, 2013, *see* Dkt. No. 18.

On May 13, 2013, Defendants filed the instant Motion to Set Aside. *See* Dkt. No. 19. Plaintiff filed a response. *See* Dkt. No. 23. Defendants then filed the Motion for

Leave, asking that the Court accept new evidence in the form of a declaration from Al-Zoubi, because Plaintiff purportedly raised "new arguments" in his response. *See* Dkt. No. 25. Defendants also filed a reply to their Motion to Set Aside. *See* Dkt. No. 26. Plaintiff filed a response opposing the Motion for Leave. *See* Dkt. No. 30.

**Legal Standards**

Federal Rule of Civil Procedure 55 sets forth the conditions under which default may be entered against a party as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, the Clerk of the Court must enter an entry of default when the default is established "by affidavit or otherwise." *See id.; New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the Clerk or the courtCfor a default judgment after an entry of default. *See* FED. R. CIV. P. 55(b); *New York Life Ins. Co.,* 84 F.3d at 141.

Under Rule 55(c), the Court may set aside an entry of default for good cause. *See* FED. R. CIV. P. 55(c). The good cause standard is a liberal one. *See Effjohn Int'l Cruise Holdings, Inc. v, A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause, courts consider (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant presented a meritorious defense. *See id.*; *CJC Holdings, Inc. v. Wright and Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (adopting excusable neglect inquiry instead of willfulness); *see also Stevenson v.*

*Verizon Wireless, LLC,* No. 3:08-cv-168-G, 2009 WL 188188, at *2 (N.D. Tex. Jan. 27, 2009) (applying excusable neglect factor in accord with *CJC Holdings*). "These factors are not 'talismanic,'" and the court need not consider all of these factors, and may consider others," *CJC Holdings*, 979 F.2d at 64 (citations omitted), including whether the defendant acted expeditiously to correct the default, *see Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

"[W]hile courts apply essentially the same standard to motions to set aside a default and a judgment by default, the former is more readily granted than a motion to set aside a default judgment." *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). Default judgment is a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations. *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n v. Am. First Mtg. Funding Corp.*, 874 F.2d 274, 276 (5th Cir. 1989). Not only are default judgments generally disfavored in the law, but there also is a strong policy in favor of deciding cases on the merits. *See Fortenberry v. Texas*, 75 F. App'x 924, 926 n.1 (5th Cir. 2003). Moreover, default judgment should not be granted on a claim, without more, that a defendant failed to meet a procedural time requirement. *See Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex.*, 726 F.2d 166, 168 (5th Cir. 1984).

## Analysis

A.  <u>Whether the Default was Willful</u>

Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-cv-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also UMG Recordings, Inc. v. Landers*, CIV.A. 07-1279, 2008 WL 60422, at *2 (W.D. La. Jan. 4, 2008) (excusing defendant's delay in answering the complaint in the absence of evidence that *pro se* defendant acted intentionally); *In re Waggoner*, No. 05-21523-RLJ-7, 2007 WL 3171740, at *5 (Bankr. N.D. Tex. Oct. 24, 2007) (excusing IRS's delay in answering complaint despite failure to proffer a reason).

Although "[w]illful failure alone may constitute sufficient cause for refusing to set aside an entry of default," judges within this district have set aside an entry of default where other factors weighed in favor of the defendant and, on balance, the defendant otherwise met the good cause standard. *See Hilseweck P'ship v. Eastern Energy Resources, Inc.*, No. 3:11-cv-186-D, 2011 WL 3501719, at *2 (N.D. Tex. Aug. 9, 2011); *see also Heeling Sports Ltd. v. Paskey*, No. 3:07-cv-2123-B, 2009 WL 382615 (N.D. Tex. Feb. 17, 2009).

In this case, Defendants assert that they failed to answer because Al Zoubi's wife never gave him the papers that were personally served on her at their residence and because Al Zoubi did not recall seeing the papers served on Tri-Speed by the Secretary of State. The undersigned finds both of these assertions – particularly in combination – somewhat hard to accept. Moreover, the undersigned is not certain that failing to open certified mail from the Secretary of State constitutes excusable neglect under these circumstances. However, the undersigned need not resolve whether Defendants acted willfully, as the other applicable factors establish good cause to set aside the entry of default. *See Hilseweck P'ship*, 2011 WL 3501719, at *2; *Heeling Sports Ltd.*, 2009 WL 382615, at *2.

B. <u>Prejudice to Plaintiff</u>

Plaintiff argues that he was prejudiced by asserting the following:

> While it is true that mere delay does not constitute prejudice, the delay has significant consequences here. This is a collective action. The FLSA places time limitations on the class members ability to recover. Setting aside the default and allowing Defendants to challenge conditional class certification and final class certification will affect the identity of the class members and, depending on their dates of employment, may bar them from recover damages they would be able to recover if the default stands.

Dkt. No. 23 at 5 of 7. This is not a valid basis for finding prejudice. Because no additional employees or former employees have filed written notice with the Court giving their consent to opt into the action, the statute of limitations has not been tolled for any other employee or former employee. "[T]he statute of limitations is not tolled for the putative class as a whole when the complaint is filed, but instead continues to

run for each individual employee until he or she consents to become a party plaintiff." *Blake v. Hewlett-Packard Co.*, No. 4:11-cv-592, 2013 WL 3753965, at *4 (S.D. Tex. July 11, 2013); *see also* 29 U.S.C. § 256 ("[A]n action is commenced ... in the case of any individual claimant ... [when] written consent is filed in the court in which the action was commenced."). Therefore, the statute of limitations continues to run against any potential plaintiffs, and it is the lack of written notices filed with the Court that will affect the identify of the class members in the first instance.

And, as Plaintiff acknowledges, "[t]he mere fact that setting aside the default will delay their recovery or require that they litigate their claims is insufficient" to show prejudice. *Hilseweck P'ship*, 2011 WL 3501719, at *2. Further, the fact that Defendants may challenge any future opt-in plaintiffs does not constitute prejudice.

C.   Meritorious Defense

In their Motion to Set Aside, Defendants state that they "dispute whether Plaintiff is a covered employee under the FLSA, as well as whether Tri-Speed Investments, Inc. is a covered employer. Also, Defendants dispute Plaintiff's contention regarding the number of hours he worked and the amount that he was paid." Dkt. No. 19 at 5 of 6.

In response, Plaintiff cites *Willis v. Lopez*, No. 3:10-cv-154-M, 2010 WL 4877273 (N.D. Tex. Dec. 1, 2010), for the proposition that a defendant seeking to set aside a default "must present some factual basis, and not mere conclusory statements, to show a meritorious defense." Dkt. No. 23 (citing *Willis*, 2010 WL 4877273, at *2). However, *Willis* concerned an action in which final judgment had been entered in the plaintiff's

favor and the defendant moved to vacate the final judgment under Federal Rule of Civil Procedure 60(b). While courts consider the same factors in determining whether to set aside a final judgment as an entry of default, vacatur of a default judgment is subject to the explicit provisions of Rule 60(b), which places additional restraints upon the Court's discretion and is a higher standard than the "good cause" needed to set aside entry of default under Rule 55(c). *See* 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 2692 (3d ed. 2013); *see also In re Dierschke*, 975 F.2d at 183. The reason for the difference is the important interest in preserving the finality of judgments, applicable in motions brought under Rule 60(b) but not where the court is asked only to set aside the Clerk's entry of default. *See Hilseweck P'ship*, 2011 WL 3501719, at *2. Therefore, the *Willis* decision does not inform the standard in this case.

Based on the standard applicable to a motion to set aside entry of default, Defendants have adequately presented a meritorious defense, and Plaintiff has not presented evidence necessary for the Court to conclude that Defendants lack a meritorious defense. *See Gamez v. Hospital Klean of Texas, Inc.*, No. SA-12-cv-517-XR, 2013 WL 1089040, at *3-*4 (W.D. Tex. Mar. 14, 2013) (determining that defendant had presented a meritorious defense where, "[f]rom the current record in this case, the Court cannot find that Defendant's proposed defenses completely lack merit"); *Hilseweck P'ship*, 2011 WL 3501719, at *2.

D.   <u>Whether Defendant Acted Expeditiously</u>

Finally, Defendants moved to set aside entry of default less than three weeks after it was entered by the clerk. *See* Dkt. Nos. 16, 18, & 19. Plaintiff has not filed a motion for final judgment. Defendants acted reasonably expeditiously in moving to set aside entry of default. Defendants have also engaged counsel and demonstrated a desire to litigate this case on the merits, including filing a motion for leave to file an answer. *See* Dkt. No. 19; Dkt. No. 29. As such, this factor weighs in favor of Defendants.

On balance, although the undersigned cannot conclude from the record that Defendants have demonstrated excusable neglect, the factors as a whole weigh in favor of Defendants and demonstrate good cause under Rule 55(c).

## Recommendation

Defendants' Motion to Set Aside [Dkt. No. 19] should be granted, and the Clerk's Entry of Default as to Al-Zoubi [Dkt. No. 16] and as to Tri-Speed [Dkt. No. 18] should be set aside. Because consideration of the new evidence presented in Defendants' Motion for Leave was not necessary for these findings, conclusions, and recommendation, the undersigned recommends that Defendants' Motion for Leave [Dkt. No. 25] be denied as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE